UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KENNETH GAMBLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:12-cv-496-TWP-DKL |
| | ) | |
| JEFF WRIGLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY AND ORDER DISMISSING ACTION**

This matter is before the Court on Plaintiff Kenneth Gamble's ("Mr. Gamble") motion for clarification (Dkt. 14). Because Mr. Gamble is a prisoner, his complaint is subject to the screening required by 28 U.S.C. ' 1915A(b), to determine whether the action states a claim. Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007). For the reasons explained below, the Court clarifies why Mr. Gamble's complaint fails to state a claim upon which relief can be granted.

**I.    DISCUSSION**

Mr. Gamble (AGamble@) was formerly confined at the New Castle Correctional Facility ("New Castle"), an Indiana prison. In 2009, Mr. Gamble filed a lawsuit alleging that personnel at New Castle had denied him access to the courts. Specifically, Mr. Gamble alleged that New Castle employees denied him the opportunity to listen to an audio recording of his jury trial. As a result, Mr. Gamble alleges that his claim for relief based on a theory of prosecutorial misconduct was Adestroyed.@ That lawsuit was docketed as Case No. 1:09-cv-306-WTL-DML and was dismissed without prejudice on December 1, 2009.

Mr. Gamble now returns to court with the same claims against the same prison personnel. The prior action was dismissed based on the doctrine established by *Heck v. Humphrey,* 512 U.S. 477 (1994). "*Heck* . . . holds that the plaintiff in an action under 42 U.S.C. § 1983 may not pursue a claim for relief that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon." *Muhammad v. Close,* 540 U.S. 749, 751 (2004). In *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005), the Supreme Court explained:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation) no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Mr. Gamble's arrival in this case is not accompanied by any evidence of change in the status of his state conviction.

As such, the application of *Heck* to Mr. Gamble's claim is indisputable. In *Nance v. Vieregge,* 147 F.3d 589 (7th Cir. 1998), the Court of Appeals confronted a somewhat similar situation of a prisoner who alleged that the conditions of his confinement impeded his ability to successfully challenge this conviction. The court found this claim to be legally insufficient to support recovery under 42 U.S.C. ' 1983, explaining:

> if the hindrance is ongoing, prospective relief can compel the state to restore access so that the claim may be vindicated . . . If the injury in question is losing the underlying case, then *Heck v. Humphrey,* 512 U.S. 477 (1994), comes into play.

More recently, in *Hoard v. Reddy,* 175 F.3d 531 (7th Cir.), *cert. denied,* 528 U.S. 970 (1999), an inmate sued correctional officials for violating his constitutional right of access to the courts, claiming that the defendants had hindered his efforts to litigate a post-conviction petition. The Seventh Circuit Court of Appeals affirmed the district court's dismissal of the lawsuit on the basis of *Heck,* explaining: "In a case such as *Heck,* where the prisoner is complaining about being

hindered in his efforts to get his conviction set aside, the hindrance is of no consequence if the conviction was valid, and so he cannot get damages until the conviction is invalidated." *Hoard,* 175 F.3d at 534. A very similar situation to that presented in this case was then considered in *Adams v. Pucinski,* 2002 WL 31497340 (N.D.Ill. 2002).

In his motion for clarification, Mr. Gamble asks the Court "why haven't [sic] service of process being [sic] served upon the defendant" and states that he wants his day in court and a jury trial. Simply stated, service of process has not been made because the complaint fails to state a claim and it must be dismissed. In other words, because Mr. Gamble's lawsuit implies that his criminal conviction is invalid due to actions of the prison employees in-suit, *Heck* does not allow an action under 42 U.S.C. § 1983 unless the underlying conviction has been set aside by appeal, collateral review, or pardon.

## II. CONCLUSION

For the reasons explained above, Mr. Gamble's complaint fails to state a claim upon which relief can be granted for the same reason as did the complaint in Case No. 1:09-cv-306-WTL-DML. The dismissal of the action is therefore mandatory. *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002). The dismissal here shall also be **without prejudice**. Mr. Gamble's motion for clarification (Dkt. 14) is **GRANTED** to the extent that the decision in this Entry explains why the case cannot proceed.

Judgment consistent with this Entry shall now issue.

SO ORDERED.

Date: 09/18/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

3

Distribution:

Kenneth Gamble
912617
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168